CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 14 2009

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| AAMIR DARIN BROWN, | ) | Civil Action No. 7:08-cv-00353 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE JOHNSON, | ) | By: Hon. Glen E. Conrad |
| Respondent. | ) | United States District Judge |

Aamir Darin Brown, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Brown challenges the validity of his confinement resulting from his March 2005 guilty plea in the Circuit Court for the City of Radford ("the circuit court"). The respondent filed a motion to dismiss, arguing that the petition was untimely, pursuant to 28 U.S.C. § 2244(d). Brown filed a timely response, making the matter ripe for the court's consideration. For the reasons that follow, the court grants the respondent's motion to dismiss.

## Background

Brown initially faced charges of capital murder and numerous other offenses. On March 8, 2005, he pleaded guilty, pursuant to a plea agreement, which allowed him to plead guilty to first degree murder instead of capital murder, two counts of robbery, attempted capital murder, aggravated malicious wounding, two counts of using a firearm in the commission of a felony, and conspiracy to commit robbery. On March 18, 2005, pursuant to the plea agreement, the circuit court sentenced Brown to a total sentence of 240 years in prison without parole and suspended a total of 170 years. Brown did not appeal the circuit court's judgment. Brown filed a petition for a writ of habeas corpus with the Supreme Court of Virginia on April 11, 2007; the

court dismissed the petition on June 7, 2007, as untimely filed, pursuant to Virginia Code Ann. § 8.01-654(A)(2).

Brown apparently signed and dated his § 2254 petition on May 22, 2008. He alleges that his guilty plea was not knowing, intelligent, or voluntarily entered because (1) counsel did not competently explain the charges to petitioner and failed to investigate and discover evidence helpful to the defense before advising Brown to plead guilty; (2) counsel threatened to withdraw if petitioner did not plead guilty in order to escape a death sentence; and (3) the court failed to ensure that petitioner understood the charges against him and was entering the guilty plea voluntarily.

## Discussion

### A. Timing of Motion to Dismiss

Brown first asserts that he is entitled to "default" judgment in his favor, because respondent did not file the motion to dismiss within thirty (30) days of receipt of service as ordered. The court's docket indicates that the deputy clerk served Brown's petition by certified mail on the Office of the Attorney General ("the AG") on June 30, 2008, as is the court's routine service method in such cases. On July 7, 2008, the court received a certified mail receipt for Brown's case, signed by an "E. Parker." When counsel for respondent failed to file a timely response to the petition, the deputy clerk called the AG's office to find out whether service had, in fact, been received as seemingly indicated by the certified mail receipt. Contrary to Brown's assertions, this type of communication by clerk's office to a party for procedural reasons related to the docket is not improper, ex parte contact and clearly promotes judicial efficiency without compromising the court's impartiality. Thereafter, counsel moved for an extension of time,

explaining that Parker did not work for the AG's office and that counsel did not receive the service order or otherwise become aware of it until the deputy clerk's call on September 4, 2008. The court granted the requested extension, and the motion to dismiss was filed within that extended response time.

The court finds no ground on which to sanction counsel or respondent for the timing of the response. In any event, Brown can only be entitled to habeas relief if he demonstrates that he is confined in violation of the Constitution or laws of the United States. § 2254(a). Thus, even assuming that the court had found respondent's grounds for filing a late response to be unreasonable, the sanction such tardiness could not have been habeas relief for Brown, as he asserts.

## B. Statute of Limitations

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2244(d)(1)(A).[1] A conviction becomes final once the

---

[1] Under § 2244(d), the one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A)-(D).
    Here, Brown does not allege any facts on which his limitation period could be calculated under subsections (B), (C), or (D). Therefore, the court will consider the timeliness of the petition only under subsection (A).

availability of direct review is exhausted. See United States v. Clay, 537 U.S. 522, 524 (2003). However, pursuant to 28 U.S.C. § 2244(d)(2), the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending."

The circuit court entered judgment against Brown on March 18, 2005, and he then had thirty (30) days in which to file a notice of appeal to the Court of Appeals of Virginia. See Rule 5A:6(a) of the Rules of the Supreme Court of Virginia. He did not appeal. Therefore, his conviction became final for purposes of § 2244(d)(1) on April 18, 2005, when his opportunity to pursue a direct appeal expired. On that same day, the one-year period under § 2244(d)(1)(A) to file a § 2254 petition began to run for Brown; the filing period expired for him on April 18, 2006.

The one-year filing period under § 2244(d)(1)(A) had already expired by the time Brown filed the state habeas petition in the Supreme Court of Virginia on April 11, 2007. Therefore, the pendency of that petition did not toll the period of limitation pursuant to § 2244(d)(2). See Brown v. Langley, 348 F. Supp. 2d 533, 536 (M.D. N.C. 2004) ("[S]ubsequent motions or petitions cannot revive a period of limitation that has already run."). Moreover, Brown's state court habeas petition was not "properly filed," because the Supreme Court of Virginia rejected the petition as untimely; an improperly filed state habeas petition does not trigger tolling under § 2244(d)(2). See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

Brown filed his federal habeas petition, at the earliest, on May 22, 2008, well beyond the requisite one-year statute of limitations that expired on April 18, 2006.[2] As a result, Brown's petition is untimely. Brown offers no ground on which he is entitled to equitable tolling.[3] Brown's only excuse for failing to file his § 2254 petition before April 18, 2006, is his stated belief that the federal filing period did not begin running until his two-year period under § 8.01-654(A)(2) to file a timely state habeas petition had expired or until his state habeas proceedings had concluded. He also claims that the Supreme Court of Virginia erred in finding his state petition to be time-barred.

Contrary to Brown's belief, however, § 2244(d)(1)(A) does not establish a right to file a § 2254 petition within one year after completion of state habeas proceedings. See Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir. 2000) (finding that language of § 2244(d) "provides unambiguously that the one-year period within which a federal habeas petition must be filed commences on the 'conclusion of direct review'" and cannot be reasonably construed to suggest that filing period "commence[s] on the 'conclusion of State post-conviction proceedings.'"); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (finding that timely filed state court habeas

---

[2]For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his petition to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988). It appears that Brown signed his petition on May 22, 2008. Accordingly, the court will assume for purposes of this opinion that it was "filed" on that date.

[3]Equitable tolling is available only in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id. Petitioner must demonstrate that he exercised "reasonable diligence in investigating and bringing [the] claims." Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 617 (3d Cir. 1998).

proceeding does not reset federal limitation period to begin when state habeas proceeding concludes).

## **Conclusion**

For the reasons stated, the court finds that the motion to dismiss must be granted. Brown did not file his § 2254 petition within one year of the date on which his conviction became final as required under § 2244(d)(1)(A) and has not demonstrated any ground on which the filing period was tolled. An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the circuit court of appeals or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of the memorandum opinion and order to the petitioner and counsel of record for the respondent.

**ENTER**: This 13th day of January, 2009.

                                                /s/ Samuel Conrad
                                       United States District Judge